IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| PHYLLIS PETERSON, | ) ) ) | |
| Plaintiff, | ) ) | No. 17-cv-02891-JPM-dkv |
| v. | ) ) | |
| DORSEY E. HOPSON, II, Superintendent; SHANTE K. AVANT, School Board Chair; STEPHANIE P. LOVE, Vice-Chair Board; TERESA JONES, School Board Member; SCHOOL BOARD OF SCS; and SHELBY COUNTY SCHOOLS, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER RULING ON REPORT AND RECOMMENDATION BASED ON NEW EVIDENCE**

**AND**

**REMANDING TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS**

Before the Court is the Report and Recommendation filed by Magistrate Judge Vescovo on January 17, 2018. (ECF No. 13.) In the Report and Recommendation, Magistrate Judge Vescovo recommends that the complaint be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But "[w]hen no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Although Plaintiff Phyllis Peterson did not file an objection to Judge Vescovo's report and recommendation, Peterson did file an objection to the earlier report and recommendation. (ECF Nos. 9, 12.) Judge Vescovo recommended the same outcome both times, so the Court will apply Peterson's objections to the later report and recommendation as well.

Judge Vescovo recommends dismissing the complaint as untimely because Peterson did not file the suit within 90 days of receiving her Notice of Right to Sue. (ECF No. 13 at 370-71.) This determination is based on Peterson's complaint, in which she states that she received the Notice of Right to Sue on August 31, 2017. (ECF No. 1 at 2.) Judge Vescovo correctly determined that Peterson's complaint, which was filed on November 30, 2017, would not have been timely if Peterson had received the Notice of Right to Sue on August 31, 2017. Peterson's objection, however, asserts a different date of receipt: September 5, 2017. (ECF No. 12 at 356.) Judge Vescovo could not, and therefore did not, consider this statement in reaching her recommendation. Based on Peterson's objection, however, the Court finds that the record contains a dispute of fact as to when Peterson received the Notice of Right to Sue. Dismissal for lack of timeliness is, therefore, not appropriate at this time.

For the foregoing reasons, the case is REMANDED to Judge Vescovo for additional proceedings.

**SO ORDERED**, this 20th day of July, 2018.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE