```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

PHYLLIS PETERSON,

    Plaintiff,

                                  No. 17-2891-JPM-dkv

vs.

DORSEY E. HOPSON, II, Superintendent;
SHANTE K. AVANT, School Board Chair;
STEPHANIE P. LOVE, Vice-Chair Board;
TERESA JONES, School Board Member;
SCHOOL BOARD OF SCS;
and SHELBY COUNTY SCHOOLS,

    Defendants.
_____

    THIRD REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On November 30, 2017, the plaintiff, Phyllis Peterson ("Peterson"), filed a *pro se* complaint against the above-listed defendants (collectively "the Defendants") in the United States District Court for the Middle District of Tennessee. (ECF No. 1.) Accompanying the complaint was a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) On December 11, 2017, the presiding judge in the Middle District of Tennessee granted Peterson's motion to proceed *in forma pauperis* and ordered that the case be transferred to the United States District Court for the Western District of Tennessee. (ECF No. 4.)

Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge for management and

for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) On December 18, 2017, the undersigned U.S. Magistrate Judge recommended that this case be dismissed *sua sponte* because Peterson did not file her complaint within 90 days of the mailing of the right to sue letter by the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 9.) On January 1, 2018, Peterson filed objections to the first Report and Recommendation. (ECF No. 10.) On January 5, 2018, the District Court Judge entered an order referring the case back to the U.S. Magistrate Judge for additional analysis in light of the objections. (ECF No. 11.) On January 9, 2018, the undersigned magistrate judge issued a Second Report and Recommendation, after reviewing Peterson's objections, again recommending *sua sponte* dismissal because Peterson did not timely file her complaint within 90 days of receipt of the EEOC notice of right to sue letter. (ECF No. 13.) Peterson failed to file any objections to the Second Report and Recommendation. Nevertheless, despite the fact Peterson filed no objections to the Second Report and Recommendation, the presiding District Judge again remanded the case to the undersigned U.S. Magistrate Judge "for additional proceedings." (ECF No. 14.) For the reasons that follow, it is again recommended that this case be dismissed *sua sponte* for failure to state a claim.

2

I. PROPOSED FINDINGS OF FACT

Peterson's form complaint styled "Complaint Under Title VII of the Civil Rights Act of 1964," encompasses 325 pages of allegations and exhibits. (Compl., ECF No. 1.) In this complaint, Peterson, alleges that the Defendants terminated her employment, failed to promote her, retaliated against her, and harassed her because of her race (black), color (black), sex (female), religion (Baptist), and national origin (U.S.). (*Id.* ¶¶ 2, 3, 8.) Peterson also alleges that she was denied reasonable accommodations for her allergies and asthma. (*Id.* ¶ 9.) Peterson filed charges against the Defendants with the EEOC on April 10, 2016. (*Id.* ¶ 6.) On August 30, 2017, the EEOC sent Peterson a letter notifying her that its investigation did not reveal any discrimination against her and issued her a notice of right to sue within 90 days. (*Id.* at 6, 317.) Peterson states in her complaint that she received the notice of right to sue on August 31, 2017, the day after it was mailed by the EEOC. (*Id.* ¶ 7.) In her objections to the First Report and Recommendation, Peterson states "I had just moved to Nashville and my documentation notating when I actually received the 'right to sue' letter was still packed up. I also thought the documentation requested the date it was mailed not the date received. It was received on September 5, 2017." (ECF No. 10.)

II.   PROPOSED CONCLUSIONS OF LAW

A.   28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

   (i)     is frivolous or malicious;

   (ii)    fails to state a claim on which relief may be granted; or

   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

4

on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th

5

Cir. 2011)(internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Timeliness of the Suit

The first two Report and Recommendations set forth the law in the Sixth Circuit regarding timeliness of filing a complaint.  It will be repeated herein for ease of reference.

6

It is well settled that a plaintiff must first exhaust administrative remedies before filing a discrimination lawsuit under Title VII in federal court. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F. 3d 724, 731 (6th Cir. 2006). Before filing suit in federal court under Title VII, the plaintiff must first timely file a relevant charge of discrimination before the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph*, 453 F.3d at 731-32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). The plaintiff must file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC elects not to prosecute the plaintiff's discrimination charge, it shall issue a notice of right to sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of the notice of right to sue, the plaintiff has ninety days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e-5(f)(1).[1] This

---

[1] 42 U.S.C. § 2000e-5(f)(1) provides that "[w]ithin ninety days after the giving of such notice, a civil action may be brought against the respondent named in the charge." The federal regulations provide "[t]he notice of right to sue shall include: (1) Authorization to the aggrieved person to bring a civil action under title VII . . . *within 90 days from receipt of such authorization.*" 29 C.F.R. § 1601.28(e)(emphasis added).

7

ninety-day requirement is a timing requirement similar to a statute of limitations and serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed. *Truitt v. Cty. of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998).

"The ninety-day period applies to all plaintiffs, even those proceeding pro se, and so much as one day's delay is fatal to a claim." *Simns v. Maxim Healthcare Servs.*, Inc., Nos. 11-1052, 12-1016, 12-2026, 2013 WL 435293, at *4 (W.D. Tenn. Feb. 4, 2013). This statutory limit is "strictly enforced," and cannot be "disregarded by courts out of a vague sympathy for particular litigants." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)(quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

The Sixth Circuit does not require "actual receipt of notice by a claimant before the time period begins to run." *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986). In *Hunter*, the EEOC sent the plaintiff a right-to-sue notice to his address of record at which the plaintiff no longer resided. *Id.* at 475. The Sixth Circuit held that the ninety-day time period began to run five days after the date the EEOC mailed the plaintiff's right-to-sue letter to his address of record.[2] *Id.; see also Banks*

---

[2] The *Hunter* court relied on a Social Security regulation to support the five-day presumption. *See Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986) (citing 20 C.F.R. § 422.210(c)

8

*v. Rockwell Int'l. N. Am. Aircraft Operations*, 855 F.2d 324, 325–27 (6th Cir. 1988)(citing *Cook v. Providence Hosp.*, 820 F.2d 176, 179 & n.3 (6th Cir. 1987) and noting that there is a presumption that mail is received by the plaintiff and the ninety-day time period begins to run five days after the EEOC mails the notice of right to sue); *Cook*, 820 F.2d at 179 & n.3 (citing *Hunter* and noting same).

In *Graham-Humphreys*, the EEOC sent a notice of right to sue to the plaintiff on March 7, 1996, via certified mail to her address of record. 209 F.3d at 554. On March 8, 1996, the letter carrier unsuccessfully attempted delivery and then left at the plaintiff's residence an attempt-to-deliver notification which stated that a certified letter addressed to the plaintiff could be claimed at the local post office. *Id.* The plaintiff did not collect the letter at the post office but received actual delivery of the right-to-sue authorization on March 28, 1996, upon personally appearing at the EEOC office. *Id.* at 555. The Sixth Circuit held that although the plaintiff did not attain actual "receipt" of the notice until March 28, 1996, she had constructively received her notice on March 8, 1996, the date the letter carrier left an attempt to deliver notification which explained that a certified letter was waiting for her at the post office. *Id.* at 558. The court in *Graham-Humphreys* then applied the five-day presumption and held that "the ninety-day

---

(1985)).

limitations countdown began on March 13, 1996, the fifth day following the EEOC's March 7, 1996 mailing."[3]  *Id.*

In *King v. Henderson*, 2000 WL 1478360, 230 F.3d 1358 (6th Cir. Sept. 27, 2000), an unpublished opinion, the plaintiff, a postal worker, received a notice-of-right-to-file-a-complaint at her home address on June 6, 1998, the day following its mailing.  *Id.* at *3.  The notice was sent via certified mail and was accepted by the plaintiff's aunt.  *Id.*  The *King* court held that on June 6, 1998, the plaintiff "had received at least constructive or imputed notice, if not actual notice."  *Id.* at *5.  The court did not apply the five-day presumption in this case, finding that the fifteen-day filing clock to lodge a formal written administrative charge of discrimination with the United States Postal Service "had begun ticking[] by virtue of the actual delivery of notice to her home" on June 6, 1998.  *Id.*

Here, the EEOC sent a right-to-sue notice to Peterson on August 30, 2017.  (Compl. ¶ 7, 317, ECF No. 1.)  Peterson states in her complaint that she received the notice of right to sue on August 31, 2017.  (*Id.* ¶ 7.)  Peterson brought this federal action on November

---

[3] Although the Sixth Circuit in *Graham-Humphreys* cited to *Hunter*, *Banks*, and *Cook* as a basis for the five-day presumption, the Sixth Circuit curiously explained that the five-day presumption is calculated by the 3-day period allowed under Rule 6 of the Federal Rules of Civil Procedure plus two extra days and not by analogy to the Social Security regulations as it did in *Hunter, Banks, and Cook*. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 at 557-59 & 557 n.9 (6th Cir. 2000).

10

30, 3017, more than ninety days after receipt of the EEOC's notice of right to sue. The five-day presumption does not apply in this case because Peterson has acknowledged that she received the EEOC right-to-sue notice on August 31, 2017. *See Greene v. Brennan*, No. 2:15-CV-12747, 2017 WL 3038256, at *6 (E.D. Mich. Apr. 24, 2017), *report and recommendation adopted*, No. 15-12747, 2017 WL 3048903 (E.D. Mich. July 18, 2017)("[I]t seems logical that no presumption is needed where, as here, we have proof of actual delivery to the claimant's proper address."); *see also Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 n.3 (5th Cir. 2015)("Such a presumption is unnecessary and inappropriate, of course, if there is other evidence showing a date of receipt earlier or later, such as postal evidence or testimony from the plaintiff or other persons with personal knowledge.").

As is clear from *Hunter* and *Graham-Humphreys*, the five-day presumption applies where there is no proof of actual delivery, either because it was delivered at an address where plaintiff no longer resided, *see Hunter*, 790 F.2d at 475, or plaintiff never collected the notice from the post office, *see Graham-Humphreys*, 209 F.3d at 555. None of these scenarios is present in the instant case. In short, the presumption applies when "the date on which a right-to-sue letter was actually received is either unknown or disputed." *Jenkins*, 784 F.3d at 266 (citations omitted); *see also King*, 2000 WL 1478360 at *5 (not applying the presumption because

11

the acceptance of the certified mail by the plaintiff's aunt constituted at least constructive notice); *Greene*, 2017 WL 3038256, at *5-6 (not applying the presumption because plaintiff received constructive notice when the plaintiff signed for the notice); *Parks v. Metro. Sec. Servs., Inc.*, No. 1:13-CV-412, 2014 WL 3784323, at *3 (E.D. Tenn. July 31, 2014)(applying the five-day presumption because there were no averments in the complaint when the plaintiff received the notice); *Garrett v. Johnson*, No. 3:13-CV-531, 2014 WL 2006776, at *2 (E.D. Tenn. May 16, 2014)(applying the five-day presumption because plaintiff made no averments in the complaint regarding when the letter was received nor submitted evidence on the question). In this case, the date the notice was received is known as Peterson avers in the complaint that she received the notice on August 31, 2017.

In the Order Remanding the Case to the Magistrate Judge for further proceedings, the presiding District Judge noted that the undersigned U.S. Magistrate Judge correctly determined that Peterson's complaint was not timely filed if Peterson received the notice of right to sue letter on August 31, 2017 as she alleged in the complaint. (ECF No. 14.) But, the presiding District Judge recognized that Peterson asserts a different date of receipt, September 5, 2017, in her objections, and that "Judge Vescovo could not, and therefore did not, consider this statement in reaching her

12

recommendation," presumably referring to the Second Report and Recommendation. (*Id.*)

The undersigned Magistrate Judge, however, in the Second Report and Recommendation, did in fact consider the objection filed by Peterson to the First Report and Recommendation as follows:

> In her objections to the initial Report & Recommendation, Peterson states that she "thought the documentation requested the date it was mailed not the date received [and that] it was received on 9/5/17." (Objections 1, ECF No. 10.) Were this the case, however, Peterson would have written in her complaint the date the notice was mailed, August 30, 2017, instead of August 31, 2017, the day after it was mailed. (*See* Compl. ¶ 7, 317, ECF No. 1.) Her allegations on this point, therefore, are not credible.

(ECF No. 13, n.4.)

Nevertheless, this court cannot consider Peterson's objections to the Report & Recommendations in screening a complaint. Assessment of the sufficiency of a complaint is limited to the complaint, the documents attached to the complaint, and documents referenced in the complaint. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)("[A]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings.")(; *see also* Harper *v.* Houston, 2018 U.S. Dist. LEXIS 4188, at *17 n.2 (W.D. Tenn., Jan. 10, 2018) ("The Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation. . . . It would be improper for the Court

13

to consider the new facts because they are matters outside of the pleadings.").

As the Sixth Circuit has held, "[t]he appropriate method for adding new factual allegations to a complaint is . . . by filing an amended complaint." *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 399 (6th Cir. 2013) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006)). Peterson has not amended her complaint to allege a new date of receipt of the notice of right to sue nor has she attached any documentation which was supposedly packed up when she moved to Nashville "notating when [she] actually received the 'right to sue' letter." (ECF No. 10.) The complaint still states she received the notice of right to sue on August 31, 2017. The court will consider "only those facts alleged in [the plaintiff's] complaint and the reasonable inferences that can be drawn from those facts." *See Strayhorn*, 737 F.3d at 399. Therefore, because Peterson failed to initiate this lawsuit within ninety days after receiving the notice of right to sue, her complaint is time-barred. *See Truitt*, 148 F.3d at 648-49 (affirming dismissal of Title VII complaint for failure to file complaint within ninety days of receipt of right-to-sue letter).[4]

---

[4] Federal Rule of Civil Procedure 6(d) states that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." However, this rule applies

14

In both prior Reports and Recommendations, the court has recommended that equitable tolling is not applicable. Accordingly, Peterson's complaint is time-barred and therefore fails to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended again that Peterson's complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this 24th day of August, 2018.

                                    s/Diane K. Vescovo_____
                                    DIANE K. VESCOVO
                                    CHIEF U.S. MAGISTRATE JUDGE


                            NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

only when "computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). There is no authority suggesting that this rule applies when computing time under the EEOC federal regulations, and the court has not applied this rule to EEOC right-to-sue notices. *See also Greene v. Brennan*, No. 15-12747, 2017 WL 3048903, at *5 (E.D. Mich. July 18, 2017)(holding that Rule 6 does not apply when computing time under the federal regulations).