IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PHYLLIS PETERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DORSEY E. HOPSON, II, ) <br> SUPERINTENDENT; SHANTE K. ) <br> AVANT, SCHOOL BOARD CHAIR; ) <br> STEPHANIE P. LOVE, VICE-CHAIR ) <br> BOARD; TERESA JONES, SCHOOL ) <br> BOARD MEMBER; SCHOOL BOARD OF ) <br> SCS; AND SHELBY COUNTY ) <br> SCHOOLS, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:17-cv-02891-JPM-dkv |

**ORDER ADOPTING THIRD REPORT AND RECOMMENDATION**

Before the Court is the Third Report and Recommendation filed by U.S. Magistrate Judge Diane K. Vescovo on August 24, 2018. (ECF No. 15.) In the Report and Recommendation, the Magistrate Judge recommends that the complaint be dismissed *sua sponte* for failure to state a claim upon which relief can be granted. (Id.) The Magistrate Judge finds that Plaintiff Phyllis Peterson failed to initiate this lawsuit within ninety days after receiving the notice of the right to sue, so her complaint is time-barred. (Id. at PageID 391.)

Plaintiff objected to the first Report and Recommendation claiming that she did not receive the notice of right to sue letter until September 5, 2017. (ECF No. 12.) The Second Report and Recommendation was remanded to the Magistrate Judge so Plaintiff's objection

1

could be considered. (ECF No. 14.) In the Third Report and Recommendation the Magistrate Judge explained that the court cannot consider Peterson's objections to a Report and Recommendations in screening a complaint. (ECF No. 15 at PageID 390.)

Assessment of the sufficiency of a complaint is limited to the complaint, the documents attached to the complaint, and documents referenced in the complaint. Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016) ("[A]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings.")(; see also Harper v. Houston, 2018 U.S. Dist. LEXIS 4188, at *17 n.2 (W.D. Tenn., Jan. 10, 2018) ("The Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation. . . . It would be improper for the Court Case 2:17-cv-02891-JPM-dkv Document 15 Filed 08/24/18 Page 13 of 15 PageID 390 14 to consider the new facts because they are matters outside of the pleadings.")

The Sixth Circuit has held, "[t]he appropriate method for adding new factual allegations to a complaint is . . . by filing an amended complaint." Strayhorn v. Wyeth Pharms., Inc., 737 F.3d 378, 399 (6th Cir. 2013) (quoting Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 328 (6th Cir. 2006)). The Magistrate Judge applied that Sixth Circuit law to the fact that Peterson has not amended her complaint to allege a new date of receipt. (ECF No. 15 at PageID 392.) Even with Plaintiff's objection, absent an amended complaint this Court agrees with the Third Report and Recommendation from the Magistrate Judge to dismiss the case *sua sponte* for failure to state a claim upon which relief can be granted. (Id.)

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff has not filed any objections to the Third Report and

Recommendation, and the time for filing objections expired on September 7, 2018. See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note. On clear-error review of the Magistrate Judge's Third Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety.

**IT IS SO ORDERED**, this 14th day of September, 2018.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE